VERNON H. QUAY et al, Respondents, v. HERTZ CORPORATION, Appellant. CHARLES HAMMOND, Respondent, v. CHARLES SABERG et al., Appellants.— GABRIELLI, J. The defendants appeal from an order setting aside verdicts of no cause of action in each of the actions. These actions stem from the collision of two vehicles as they passed through a controlled intersection. The critical issue presented at the trial was the position of the vehicles at the time of the impact and whether the traffic control signal was green for either operator. Following the trial, respondents' motions to set aside the verdict were granted pursuant to the provisions of CPLR 4404 (subd. [a]). The affidavits used upon these motions were made by witnesses to the accident who did not testify during the trial and who substantiated plaintiffs' version of the occurrence. We need not decide whether the court correctly determined that the evidence to be adduced from these witnesses came within the realm of newly discovered evidence inasmuch as a new trial should be had for a more compelling reason. It is conceded that shortly after the accident the operator of the appellants' vehicle entered a plea of guilty to the charge of failure to yield the right of way. Upon cross-examination he was asked "And did you tell the Justice of the Peace that you failed to yield the right of way?" Defense counsel's objection to the question was erroneously sustained. Evidence of the conviction of the defendant upon his plea of guilty was admissible as direct probative evidence material to the main issue of the lawsuit (*Ando v. Woodberry,* 8 N Y 2d 165). As we stated in *Smith v. St. Lawrence County Nat. Bank* (18 A D 2d 1042), "Where such [issues] were as sharply drawn as here, we cannot say that the exclusion of the declaration did not influence the jury in arriving at its verdict" (see, also,

*Weldner* v. *Whitman,* 18 A D 2d 765). Order affirmed, with one bill of costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.